## J. D. JOHNSTON v. M. J. STONE.

CHANCERY COURT. *Jurisdiction. Multiplicity of suits. Case.*

> One who, in the same transaction, has sold land and personal property,
> and is being sued by his vendee in ejectment for the land, in replevin
> for the personal property and 'for the deed to the land which he with-
> holds, cannot, on the ground of multiplicity, enjoin said suits and
> have them consolidated, although the bill alleges that the defense
> to them all is the same—namely, a verbal rescission of the sale and ad-
> justment of the matters.

FROM the chancery court of DeSoto county.

HON. B. T. KIMBROUGH, Chancellor.

The appellant, J. D. Johnston, filed this bill to enjoin the prosecution by defendant, M. J. Stone, of three suits brought by him against complainant in the circuit court of DeSoto county. Briefly stated, the facts are as follows: In September, 1890, J. D. Johnston contracted to sell Stone certain land, and also the mules, horses and farming implements thereon. The sale was one transaction, although separate prices were placed upon the lands and the personal property. The deed to the land was delivered to Stone, but the personal property was not to be delivered until the first of January following. Before that time some dispute arose in reference to the terms of the sale, and, after some negotiations, it was mutually agreed that Johnston should surrender to Stone his notes given for the land and personal property, and the latter should surrender to Johnston the deed to the land. This, however, is denied by Stone. During one of their conferences Johnston possessed himself of the deed, and refused to surrender it to Stone, to whom it had been delivered, and afterwards erased his name from the deed. Johnston, claiming that the sale had been rescinded, refused to surrender possession of the land, and refused also to deliver the personal

property on January 1. .Thereupon, Stone instituted an action of ejectment to recover the land, and, at the same time, brought separate actions óf replevin to recover possession of the deed, alleged to be unlawfully withheld, and to recover the personal property. This bill was filed by Johnston to enjoin the prosecution of the several suits, alleging that all the matters of controversy had been settled and adjusted; that defendant had notified complainant, in December, that he would not be able to carry out the stipulations connected with the purchase of the land, and that he wished to cancel the trade, and requested complainant to surrender his notes, whereupon complainant surrendered to defendant all ·his notes, and the matter was considered finally settled; that, as complainant already had the deed which he had formerly executed to Stone, he took no reconveyance, both being under the impression that none was necessary. The bill avers that the single issue involved in the three suits is the same; that the trial of that issue will settle all the matters in contro· versy, and avoid a multiplicity of suits.

The bill further averred that, after regaining possession of the deed, complainant had discovered an error in the description of the land, and had himself corrected it; that he had re-signed and acknowledged the deed, and made it an exhibit to his bill, and prayed that, if the court should hold that the sale of the land had not been rescinded, and that defendant was entitled to possession of the deed, that it should be delivered as corrected, and the defendant be decreed to pay the purchase-money according to the terms of the sale.

The answer of the defendant does not deny the material allegations of the bill relative to the sale of the land and personal property, but alleges that, after the trade was made and the deed delivered, a misunderstanding arose in reference to certain terms of the sale, and that, during a conference between the parties, complainant secured possession of the deed and forcibly withheld it, saying that he would surrender

it only when defendant should comply with certain stipulations claimed to be a part of the trade. The answer denies that defendant ever rescinded the trade, or did any acts intended as a rescission, and denies altogether the averments of the bill as to the adjustment of the matters in controversy.

Both the bill and the answer set out the history of the several transactions with great particularity, but the foregoing statement sufficiently shows the nature of the suits which the defendant therein, by this bill, seeks to enjoin for multiplicity and to consolidate. The defendant, after filing his answer, made a motion to dissolve the injunction, and, on hearing the evidence pro and con, the motion was sustained, and from that decree complainant appeals.

*Ira D. Oglesby,* for appellant.

If the complainant had no other equity than that of multiplicity of suits, there would be sufficient grounds for retaining the injunction. The entire controversy can be adjusted in one suit. Even after they are ended, it will be necessary for complainant to resort to the chancery court to enforce his vendor's lien and to reform the mistake in the deed. The prevention of a multiplicity of suits is a favorite ground for the interposition of equity in restraint of proceedings at law, and will avail as well in restraining actions of ejectment as those of any other nature. High on Injunctions, § 422; *Bishop* v. *Rosenbaum,* 58 Miss., 84.

If it be true that a sale of land cannot be canceled by parol agreement, it is equally true that if it is done, or attempted to be done, and the title-papers surrendered, and the vendor left in possession of the property, there is a sufficient equity to authorize the chancery court to restrain the attempt to regain possession of the title-papers and the possession of the land. If the trade has not been rescinded, complainant is entitled to a decree for the purchase-money, both for the land and the personal property, subject, how-

ever, to such set-off as defendant may be entitled to on account of the damages caused by complainant's wrongful acts.

If the land is improperly described in the deed, defendant cannot recover in ejectment, but either party has the right to go into equity to have the mistake corrected. Complainant has done so, and this alone gives the court jurisdiction, and, having jurisdiction to correct this mistake, the court will retain the bill and do complete justice between the parties. *Hale* v. *Bozeman*, 60 Miss., 965; *Newman* v. *Taylor*, 69 *Ib.*, 670.

The dissolution of the injunction will result in serious and irreparable injury to complainant. No harm can be done defendant, since all his rights are reserved, and he can be fully compensated for all damages he may sustain. Under such circumstances, the motion to dissolve should not be sustained. *Bowen* v. *Hoskins*, 45 Miss., 183; *Supervisors* v. *Paxton*, 56 *Ib.*, 679; *Jones* v. *Brandon*, 60 *Ib.*, 556; *Alcorn* v. *Sadler*, 66 *Ib.*, 221.

*J. W. Buchanan*, on the same side.

On a motion to dissolve, the truth or falsity of the allegations of the bill are not necessarily passed upon. By its decree the court holds it is not a case for the interference of a court of chancery; in other words, that the court has no jurisdiction. Aside from a multiplicity of suits, the bill alleges a misdescription of the lands in the deed, and asks that the mistake be corrected. It also asks for a cancellation of the trade, and sets up facts which, if not amounting to a legal rescission, at least amount to such a contract as a court of equity is authorized to enforce. Besides, the bill prays, in the alternative, for an enforcement of the vendor's lien for the purchase-money of the land. If it be true that complainant should not have withheld the deed, he is not, because of this wrong, debarred from an appeal to a court of equity. In his bill he offers to do equity, and tenders the deed with his bill.

The prevention of the multiplicity of suits is a favorite ground of interposition by a court of equity, even though the causes of action be purely legal.    Tiedeman Eq. Jur., 511.

*A. S. Buchanan,* for appellee.

The evidence discloses a degree of moral turpitude on the part of complainant which entitles him to little consideration in a court of equity.    He does not come with 'clean hands.    *Walker* v. *Brungard,* 13 Smed. & M., 723.

Neither multiplicity of suits, nor the misdescription of the property, which mistake is sought to be corrected, authorizes a resort to chancery in this case.

The evidence shows conclusively that there was never a rescission of the trade.    The motion to dissolve was properly sustained.    The finding of the court upon the facts, if not so conclusive, is analogous to the finding of a jury, and the aggrieved party must show that the weight and preponderance of the evidence is against such finding.    *Partee* v. *Bedford,* 51 Miss., 84.

COOPER, J., delivered the opinion of the court.

The injunction in this cause should not have been granted, and was properly dissolved.    Upon complainant's own showing his bill was not maintainable as one to prevent a multiplicity of suits, nor for a consolidation of the actions brought by the defendant against him.    One of the actions enjoined was an ejectment for the recovery of lands; another, replevin for a deed, and the third replevin for certain mules, horses and other personal property.    Accepting as true the allegations of the bill of complaint (except those in reference to a misdescription of the lands in the conveyance from the complainant to the defendant, which are denied by the answer and probably disproved by the evidence), and it is apparent that the legal title to the land is in the defendant, who would recover in his action of ejectment.    The admitted trespass of the complainant in seizing and mutilating the deed would

certainly maintain the suit brought for it, unless it be true that the whole matter was afterwards adjusted by the parties; and this defense, it is true, would be equally applicable to the action of replevin for the mules, horses, etc. But a resort to chancery is not necessary to prevent repeated trials of the question whether such adjustment was had, for its determination in either suit would be conclusive of it in the other. Bigelow on Estoppel, 83–97.

*The decree is affirmed.*